UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-61624-CIV-SINGHAL/VALLE

CHERYL JAKAB, individually, and as
assignee of EVER APRIL APARTMENTS, INC.,

    Plaintiff,

vs.

ARCH SPECIALTY INSURANCE COMPANY,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS MATTER** has come before the Court upon Plaintiff and Non-Parties' Objection to United States Magistrate Judge Alicia O. Valle's Omnibus Order on Discovery Motions ("Objection") (DE 62). (DE [63]). In the Omnibus Order, as relevant here, Judge Valle found that Defendant Arch is entitled under *Coblentz v. Am. Sur. Co. of New York*, 416 F.2d 1059 (5th Cir. 1969) to certain discovery requests because that discovery is "relevant to the reasonableness and good faith of the Mediation Agreement and resulting damage award in the Underlying Action." (DE [62] at 9). Plaintiff, Cheryl Jakab, individually and as assignee of Ever April Apartments, Inc., and her counsel, Non-Parties Eisinger, Lewis, Chaiet, Stivelman, Eisinger & Sheir, P.A., The McKee Law Group, LLC, and Brill & Associates, P.L. d/b/a Brill & Rinaldi, The Law Firm (collectively as "Objecting Parties"), object to this finding. For the reasons set forth below, the Court denies the Objecting Parties' Objection.

I.  **LEGAL STANDARD**[1]

The district judge must affirm a magistrate judge's ruling on a non-dispositive matter unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a). This standard of review is "extremely deferential." *Tolz v. Geico Gen. Ins. Co.*, No. 08-80663-CIV, 2010 WL 384745, at *2 (S.D. Fla. Jan. 27, 2010). A finding is clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F. 3d 1515, 1523 (11th Cir. 1997). An "order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Tolz*, 2010384745, at *2 (citing *Pigott v. Sanibel Development*, LLC, Case No. 07-0083, 2008 WL 2937804 at *5 (S.D. Ala. July 23, 2008)). "To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must, as one member of this court recently stated during oral argument, strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Evans v. Saul,* No. 19-63031-CIV, 2021 WL 229979, at *1 (S.D. Fla. Jan. 22, 2021) (quoting *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.,* 866 F.2d 228, 233 (7th Cir. 1988)).

II.  **DISCUSSION**

The Objecting Parties contend that Judge Valle's Omnibus Order is clearly erroneous or contrary to law.  They argue that the uncontested jury trial that Jakab had on damages in the Underling Case[2] clearly removes the damages issue from the

---

[1] For purposes of this Order, the Court adopts Judge Valle's recitation of the relevant facts as stated in her omnibus order.  (DE [62] at 2-4).
[2] *Cheryl Jakab v. Ever April Apartments, Inc.*, No. CACE-22-004874 (Div. 25).

*Coblentz* discovery framework.  (DE [63] at 3).  Accordingly, the Objecting Parties argue that the Court should reverse Judge Valle's Omnibus Order.  The Court, however, disagrees.

To start, the Objection can readily be dismissed because the Objecting Parties fail to articulate why Judge Valle's Omnibus Order meets the legal standard—that of a "five-week-old, unrefrigerated dead fish"—for reversal.  Here, the Objecting Parties never articulate why Judge Valle's well-reasoned decision, discussed further below, is so strikingly wrong.[3]  Instead, they merely cite to the legal standard and then present the same arguments that Judge Valle found unpersuasive.

In essence, the Objection reads more as a motion that simply disagrees with Judge Valle's Omnibus Order; it not so subtly seeks a second bite at the apple of avoiding *Coblentz* discovery as to its mediation agreement with Ever April in the Underlying Case.  But the procedural mechanism of objecting to magistrate orders does not exist so that parties can get another chance at obtaining their desired relief.  Rather, objections are only meant to correct decisions that are clearly erroneous or contrary to law.  Since the Objection does not explain why it warrants such relief, it could readily be denied on those grounds.

Putting that aside, the Court would still deny the Objection because the Omnibus Order properly applies *Coblentz* and its progeny.  Under *Coblentz*, an insurer will be bound by a settlement agreement/consent judgment negotiated between an insured and a claimant where: (i) damages are covered by the policy; (ii) the insurer wrongfully refused

---

[3] Additionally, the Court wonders whether Judge Valle's decision on this issue—whether an uncontested jury trial on damages removes the issue from the *Coblentz* framework—could be clearly erroneous or contrary to law when both parties have conceded that there is no Florida case on point.  *See* (DE [62]) at 8 n.3).

to defend; and (iii) the settlement is reasonable and made in good faith. *Wrangen v. Pennsylvania Lumbermans Mut. Ins. Co.*, 593 F. Supp. 2d 1273, 1278 (S.D. Fla. 2008) (citing *Chomat v. Northern Ins. Co. of New York*, 919 So. 2d 535, 538 (Fla. 3rd DCA 2006)). Where an injured party wishes to recover under a *Coblentz* agreement, "[t]he claimant must 'assume the burden of initially going forward with the production of evidence sufficient to make a prima facie showing of reasonableness and lack of bad faith, even though the ultimate burden of proof will rest with the carrier.'" *Id.* (citation omitted). This good faith reasonableness requirement provides some measure of protection for the insurer because the insured party often is never obligated to pay and has little to lose if he stipulates either to (1) a large or inflated damage award or (2) a scenario that could permit a large or inflated damage award. *See id.*

In this case, the Mediation Agreement that Jakab and Ever April agreed to resulted in the entry of a default against Ever April and a jury verdict and judgment of more than $5.5 million in damages. The agreement provided that (i) Ever April would pay Plaintiff $21,000; (ii) Ever April would assign to Plaintiff its rights and causes of action against Arch; (iii) Ever April would allow the entry of a default judgment against it; (iv) the parties agreed that Ever April would not be required to appear or represent itself at the trial; (v) Plaintiff agreed not to execute or record the judgment against Ever April; and (vi) Plaintiff agreed to return the $21,000 to Ever April if Plaintiff recovered more than $21,000 from Arch in a subsequent action. Pursuant to the Mediation Agreement, the State court entered a default against Ever April and proceeded to a jury trial solely on damages. (DE [46-5] at 4-5). After a one-day trial, the jury reached a verdict in favor of Plaintiff and against Ever April, awarding Plaintiff $5,523,467 in damages. (DE [46-4]). Thereafter, the

State court entered an Amended Final Judgment in favor of Plaintiff and against Ever April for $5,523,467. The Objecting Parties maintain that the jury trial on damages takes this case out of the *Coblentz* framework. But for the three reasons Judge Valle mentioned, which are repeated below, the Court disagrees.

First, the "jury trial" that took place here is devoid of the traditional hallmarks of a jury trial; the verdict was based on Jakab's unilateral presentation of evidence, unchallenged submissions to the judge and jury, and unrecorded and un-transcribed proceedings. This one-sided jury trial is not much different from the procedure used in *Coblentz*, which involved the waiver of jury trial in favor of stipulated facts that resulted in a judgment. *See Coblentz*, 416 F.2d at 1061. At the very least, the one-sided trial at issue in the Underlying Case is similar enough to the one in *Coblentz* that a finding that they are substantively the same is not clearly erroneous.

Second, the mediation agreement in this case effectively shielded Ever April from any liability. Ever April is only on the hook for $21,000, and it can even recoup that amount if Jakab is successful in the underlying action against Arch. Judge Valle therefore determined that, in light of Ever April's protection, Arch is entitled to *Coblentz* discovery. This decision is not clearly erroneous, especially when *Coblentz's* good faith reasonableness requirement seeks to prevent the insured from stipulating to agreements where it has little to lose. *See Wrangen*, 593 F. Supp. 2d at 1278.

Finally, with Ever April's liability capped at $21,000 (with the possibility of full reimbursement), Ever April had no incentive to ensure that the settlement or judgment in the Underlying Action accurately reflected Plaintiff's damages or Arch's exposure. Again, Judge Valle determined that, in light of this liability cap, Arch was entitled to *Coblentz*

discovery. This decision was not clearly erroneous. *See Great Am. Ins. Co. v. Hamel*, 525 S.W.3d 655, 666 (Tex. 2017) (finding that *Coblentz* discovery is relevant to determine "whether, at the time of the underlying trial or settlement, the insured bore an actual risk of liability for the damages awarded or agreed upon . . . .").

Thus, Judge Valle's three reasons for finding that Arch is entitled to *Coblentz* discovery are not clearly erroneous or contrary to law. As a result, Arch's discovery requests at issue are relevant to the reasonableness and good faith of the Mediation Agreement and resulting damage award in the Underlying Action. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Objecting Parties' objections (DE [63]) are **DENIED**. Jakab must comply with Judge Valle's Omnibus Order (DE [62]) as soon as practicable.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 24th day of June 2024.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF